11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

 

Alejandro Uriosteju
Berrum

Appellant

Vs.                   No.
11-01-00011-CR B Appeal from Dallas County

State of Texas

Appellee

 

Appellant
pleaded not guilty to the offense of possession with intent to deliver cocaine
and waived his right to a jury trial. 
The trial court found appellant guilty and assessed punishment at 5
years confinement with a $500 fine. 
Appellant argues in two points of error that the evidence is legally and
factually insufficient to affirmatively link him to the cocaine.  We affirm.

                                                                Background
Facts

  Richardson Police Officer Larry David Miller
testified that he executed a search warrant at an apartment in Dallas on March
13, 1999, after an informant had purchased cocaine from 2 individuals in the
apartment.  Officer Miller stated that
he had been employed with the Richardson Police Department for 8 years; that he
had been assigned to the narcotics section for the last 2 years; that, prior to
joining the Richardson Police Department, he had been an undercover officer
with the Abilene Police Department for 7 years; and that he had over 400 hours
of training in the detection and investigation of narcotics.  When he entered the apartment, Officer
Miller found appellant in the living room downstairs with several other
individuals.  Appellant told another
officer that he and his wife lived there but that his wife was not home at the
time.  








The
apartment consisted of a living room and kitchen downstairs and two bedrooms
upstairs.  According to the testimony of
Officer Miller, the officers found: (1) a AMetallica@[1] backpack containing 11 blue baggies of rock
cocaine that was in a closet underneath the stairs approximately 7 to 8 feet
from where appellant and the other individuals were being detained in the
living room; (2) several small blue baggies of rock cocaine in an uncovered
cardboard jewelry box that was inside a closed dresser drawer in the upstairs
north bedroom; (3) other blue baggies of rock cocaine underneath a towel on top
of the same dresser in the north bedroom; (4) a paycheck stub dated July 12,
1998, to July 18, 1998, with the name AAlejandro Berrun@ and social security number XXX-XX-XXXX in the same dresser drawer as
the uncovered cardboard jewelry box containing the cocaine; (5) a diaper
containing numerous razor blades and empty blue baggies behind the door in the
north bedroom; (6) another paycheck stub with a payroll date of May 16, 1998,
with the name AAlejandro Verrum@ and the same social security number as the
other pay stub, on top of a refrigerator in the kitchen downstairs.

Officer
Michael Shane Harris of the Richardson Police Department testified that he
assisted Officer Miller in the search of the apartment.  Officer Harris testified that he searched
the kitchen and living room downstairs and found the AAlejandro Verrum@ pay stub and the AMetallica@ backpack.  Officer Harris
further testified that the blue baggies found inside the backpack matched the
other blue baggies found elsewhere in the apartment.  Officer Harris explained that appellant=s name was probably misspelled on the pay
stub found on top of the refrigerator because the letters V and B are adjacent
on the keyboard.  

At the
time of his arrest, appellant was only wearing a pair of shorts.  Appellant asked for a shirt and some shoes
before leaving with the police.  Officer
Miller brought appellant a shirt and a pair of tennis shoes from the north
bedroom where the drugs and pay stub were located.  The shirt and shoes fit appellant, and he did not state that the
clothes and shoes were not his. 








At trial,
appellant testified through an interpreter that he had lived in the apartment
for about four months.  He stated that
he was an occasional resident of the apartment in 1999, that he worked two
jobs, and that he was only in the apartment for short periods of time to
rest.  Appellant claimed that he resided
in the living room downstairs.  Despite
the fact that the front door opened into the living room, appellant claimed
that he had seen no one entering the apartment to buy drugs and that he had
seen only residents of the apartment coming in.  He further testified that the shirt and shoes given to him by
Officer Miller from the north bedroom were not his.  Appellant also denied telling the police that he, his wife, and
his child lived in the apartment. 
Appellant acknowledged that the pay stubs went back to the previous
year, a period longer than four months. 
However, appellant explained that he brought his pay stubs with him when
he moved into the apartment. 

                                            Legal
and Factual Sufficiency of the Evidence

Evidence
is legally sufficient when, viewed in the light most favorable to the
prosecution, it is sufficient to permit a rational trier of fact to find all
the essential elements of the charged crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is factually sufficient, we
must review all the evidence and determine whether the verdict is so against
the great weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996).  The reviewing
court should reverse the fact finder=s determination only if a manifest injustice has occurred.  Clewis v. State, supra at 128-29.  In conducting this analysis, the appellate
court must defer to the fact finder=s determination concerning the weight given contradictory testimony
because the fact finder determines the credibility of the witnesses.  Johnson v. State, supra at 8.  

                                                                 Affirmative
Links








To support
a conviction for unlawful possession of a controlled substance, the State must
prove that the accused intentionally or knowingly exercised actual care,
custody, control or management over the substance and knew that the substance
he possessed was contraband.  Brown v.
State, 911 S.W.2d 744, 747 (Tex.Cr.App.1995); see TEX. HEALTH & SAFETY CODE
ANN. ' 481.002(38) (Vernon Pamph. 2002).  Absent evidence of actual possession, a
defendant may be affirmatively linked with the drugs.  Brown v. State, supra at 748. 
The affirmative-links doctrine is a shorthand expression of what must be
proven to establish that a person knowingly or intentionally possessed
contraband and that his contact with the contraband was not merely
fortuitous.  Brown v. State, supra at 747.  It is well settled that an accused may
jointly possess dangerous drugs or narcotics 
with another or others and that such possession need not be exclusive.  McGoldrick v. State, 682 S.W.2d 573, 578
(Tex.Cr.App.1985).  Thus, facts and
circumstances may be sufficient to show an accused and others acted together in
possessing an illegal drug, but there must be some affirmative link existing
between the person accused and the illegal drug.  McGoldrick v. State, supra at 578. 

The State
established the following affirmative links: 
some of the drugs were in a closet conveniently accessible to appellant;
two pay stubs having a name similar to appellant=s were in the apartment with one being found in the same drawer as the
uncovered cardboard jewelry box with drugs; appellant=s admission that he brought his pay stubs to
the apartment when he moved in; the shirt and pair of shoes from the north
bedroom fit appellant and he did not state that the clothes were not his; and
appellant told the officers during the search that he, his wife, and child
lived in the apartment.  The trial court
was free to reject appellant=s testimony that he never told the officer that he, his wife, and child
lived there or that the clothes from the north bedroom were not his.

Having reviewed
all the evidence in the light most favorable to the verdict, we conclude that
the evidence is legally and factually sufficient to affirmatively link
appellant to the cocaine.  The two
points of error are overruled.

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

January 10, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]AMetallica@ is
the name of a heavy-metal rock-and-roll band.